RECEIVED
OCT 2 4 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-60067-01 |
| VS. | JUDGE DOHERTY |
| TERRENCE BENOIT | MAGISTRATE JUDGE METHVIN |

## RULING ON MOTION FOR *NOLO CONTENDRE* OR NO CONTEST PLEA
*(Rec Doc. 57)*

Before the court is the motion for *nolo contendre* or no contest plea filed by *pro se* defendant Terrence Benoit on October 14, 2005.[1] Benoit seeks a plea agreement with the government whereby he will plead guilty to one count of possession of juvenile pornography with the condition that the federal prosecutor, Luke Walker, communicate with Phil Haney, District Attorney for the 16th Judicial District of Louisiana, and arrange for a dismissal of the state charges against him. Benoit also requests that any state sentence he receives run concurrent with his federal sentence. The government opposes the motion.[2] For the following reasons, the motion is **DENIED**.

### *Factual Background*

On December 16, 2004, Benoit was charged in a one-count indictment with production of child pornography in violation of 18 U.S.C. §2251(a). The indictment charges that on April 24, 2000, Benoit "did use, employ, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of

---

[1] Rec. Doc. 57.

[2] Rec. Doc. 62.

producing a visual depiction of said conduct, using materials that had traveled in interstate commerce."[3]

According to transcripts filed in the record in this case, Benoit has already pled guilty to 57 counts of possession of child pornography charged in an indictment filed in the Sixteenth Judicial District of Louisiana. Benoit is due to be sentenced on those charges in December 2005.

### *Findings and Conclusions*

It is well-settled that Rule 11(c) of the Federal Rules of Criminal Procedure prohibits the court from participating in any plea discussions between a defendant and the government, to wit:

> **c) Plea Agreement Procedure.**
> **(1) In General.** An attorney for the government and the defendant's attorney, or the defendant when proceeding *pro se*, may discuss and reach a plea agreement. *The court must not participate in these discussions* . . .

Fed.R.Crim.P. 11(c)(1) (emphasis added).

The government states in its response to the motion that the plea agreement as proferred by Benoit is unacceptable to the government and is, therefore, rejected. The government notes that while Benoit seeks to plead guilty to *possession* of child pornography, he is charged with *production* of child pornography, a far more serious crime. Counsel for the government indicates that the only plea agreement that the government will consider is a plea of guilty to *production* of child pornography, as the government is not amenable to reducing the charges against Benoit. Again, pursuant to Rule 11, any plea agreement on this charge must be negotiated without the participation of the court.

---

[3] Rec. Doc. 1, Indictment.

3

Considering the foregoing,

**IT IS HEREBY ORDERED** that Terrence Benoit's motion for *nolo contendre* or no contest plea (Rec. Doc. 57) is **DENIED**.

Signed at Lafayette, Louisiana on October 24, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)