RECEIVED
JAN - 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-60067 |
| VS. | JUDGE DOHERTY |
| TERRENCE BENOIT | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION ON MOTION TO DISMISS
*(Rec. Doc. 76)*

Before the court is the motion to dismiss filed by *pro se* defendant Terrence Benoit on November 16, 2005.[1] The motion is opposed by the government.[2] Although captioned as a motion to dismiss, this motion is substantially similar to the two motions to suppress filed previously by Benoit.[3] For the following reasons, **IT IS RECOMMENDED** that the motion to dismiss be **DENIED**.

### *Background*

On December 16, 2004, Benoit was charged in a one-count indictment with production of child pornography in violation of 18 U.S.C. §2251(a). The indictment charges that on April 24, 2000, Benoit "did use, employ, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, for the purpose of

---

[1] Rec. Doc. 76.

[2] Rec. Docs. 81, 82.

[3] Rec. Docs. 49, 59.

producing a visual depiction of said conduct, using materials that had traveled in interstate commerce."[4]

On September 12, 2005 and October 17, 2005, Benoit filed two motions to suppress.[5] A report recommending the denial of these motions was issued on December 1, 2005.[6] Judge Doherty reviewed and adopted this recommendation on January 3, 2006.[7] Benoit also filed a motion to dismiss the indictment on October 14, 2005.[8] The undersigned recommended that this motion be denied on October 24, 2005 and Judge Doherty reviewed and adopted this recommendation on November 21, 2005.[9]

## *Law and Analysis*

Benoit seeks dismissal of the indictment and/or suppression of the evidence against him on the grounds that key evidence against him was "illegally secured from sources who used illegal search and seizure tactics and procedure and arrest." Benoit states that the New Iberia police officers violated the "knock and announce" requirement, that their "searches were too general in nature and done with unnecessary severity," that he has never been presented with an arrest or search warrant. Benoit requests a "Franks Hearing."

---

[4] Rec. Doc. 1, Indictment.

[5] Rec. Docs. 49 & 59.

[6] Rec. Doc. 80.

[7] Rec. Docs. 83.

[8] Rec. Doc. 58.

[9] Rec. Doc. 78.

# I. The March 23 and March 25, 2004 Search Warrants[10]

## A. "Franks" Hearing

Benoit requests a hearing under Franks v. Delaware, 438 U.S. 154, 155-68, 98 S.Ct. 2674, 58 L.Ed.2d 667 (1978) to present evidence in support of his motion to suppress. Benoit has not made the preliminary showing required to establish entitlement to a Franks hearing. A defendant is "entitled to an evidentiary hearing on a motion to suppress evidence if he shows that (1) allegations in a supporting affidavit were deliberate falsehoods or made with a reckless disregard for the truth, and (2) the remaining portion of the affidavit is not sufficient to support a finding of probable cause. U.S. v. Brown, 298 F. 3d 392 (5th Cir. 2002), citing United States v. Dickey, 102 F.3d 157, 161-62 (5th Cir. 1996)(citing Franks, 438 U.S. at 171, 98 S.Ct. at 2684). Benoit has not offered any facts supporting his contention that the officers' allegations were deliberate falsehoods or made with a reckless disregard for the truth. Considering this lack of factual basis, the undersigned concludes that a Franks hearing is not warranted.

## B. Sufficiency of the Search Warrants

In his previous motions, Benoit sought suppression of all evidence seized from his residence pursuant to search warrants on grounds that the warrants were defective.[11] As he again asserts in the instant motion, Benoit alleged that the "searches were too general in nature and

---

[10] Copies of these search warrants, together with supporting affidavits, are contained in the record as attachments to the brief filed by the government on October 19, 2005 in response to Benoit's previously filed motions. Rec. Doc. 62.

[11] Benoit also sought suppression of statements he made to Detective John Poole of the New Iberia Police Department on March 22, 2004, March 23, 2004, and March 25, 2004 on grounds that the statements were coerced. This argument was found to be without merit.

done with unnecessary severity." On December 1, 2005, the undersigned magistrate judge recommended that Benoit's motions be denied as follows:

> Review of the March 23, 2004 affidavit shows that it includes a very detailed description of the items to be seized, including "any printed materials, cameras, photography equipment, pictures, film, computers, electronic storage devices and computer related devices." The March 25, 2004 affidavit states that officers were permitted to search for "any and all jewelry along with all televisions and audio-video equipment." Thus, Benoit's allegations that the search warrants "were too general in nature and done with undue and unnecessary severity" are conclusory and unsupported. Both affidavits describe with particularity and in sufficient detail the items to be seized. Consequently, this claim is without merit.[12]

Benoit does not present any additional factual information or support for allegations and simply repeats the allegations made in earlier motions. Both affidavits describe with particularity and in sufficient detail the items to be seized. Accordingly, it is again recommended that Benoit's motion on this basis be denied.

### *C. Timing of the Search Warrants*

Benoit again alleges that the search of his home on March 25, 2004 took place before the search warrant relative to that date was signed, and that the evidence seized in connection with the March 25, 2004 search warrant should be suppressed on this ground.[13] In his previous motions, Benoit failed to support his allegations that these search warrants were not signed by the judge prior to the commencement of the searches. As Benoit offered no factual support nor did he identify a witness who testify in support of his allegations, it was recommended that Benoit's motion to suppress on this ground be denied. In his instant motion, Benoit again has failed to

---

[12] Rec. Doc. 80 at p. 3.

[13] See Rec. Doc. 76, Benoit's motion to dismiss indictment, filed on November 16, 2005.

present any additional factual basis for his allegations. Accordingly, Benoit's motion to dismiss the indictment on this basis is without merit.

### D. Execution of the Search Warrants

#### 1. "Knock and Announce"

Benoit contends that the government violated statutory "knock and announce" requirements when executing the search warrants of his home. As to the March 23rd search, Benoit states that his keys were taken from him when he was placed under arrest at the police station on the same day. Benoit states that following his arrest at the police station, the officers drove him to his residence and that he was taken into his home "through the back door which was already open using [his] keys that had been taken from [him] at the time of arrest." Benoit states that he observed officers going through his home, "taking pictures and moving some items around" and that he was "made to sit in the kitchen." Benoit states that 20 minutes later an officer came through the back door with a piece of paper rolled up, stated that it was a search warrant but never showed it to him.

On March 25, 2004 at about 10 a.m., Benoit states that he went to the back door after he heard the doorbell ring and found two officers standing there. Benoit states that they said they wanted to talk to him about an individual who had stolen his jewelry. He states, "the officers forced their way into my home and told me that I was under arrest and cuffed me. They then started looking around my home." Benoit states he was then taken to the Iberia Parish jail and booked and that he was not presented with a search warrant until the next day.

"The Supreme Court has stated that the 'Fourth Amendment incorporates the common law requirement that police officers entering a dwelling must knock on the door and announce

their identity and purpose before attempting forcible entry.'"United States v. Washington, 340 F.3d 222 (5th Cir. 2003), relying on Richards v. Wisconsin, 520 U.S. 385, 387, 117 S.Ct. 1416, 1417, 137 L.Ed.2d 615 (1997), (citing Wilson v. Arkansas, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995)). 18 U.S.C. § 3109 "provides that an officer executing a search warrant may break open a door only if 'after notice of his authority and purpose, he is refused admittance.'" U.S. v. Sagaribay, 982 F.2d 906 (5th Cir. 1993). LSA-C.Cr.P. art. 164 provides that an officer, when executing a search warrant, may use such means and force as are authorized for making an arrest. Louisiana's knock and announce requirements are found in LSA-C.Cr.P. art. 224:

> In order to make an arrest, a peace officer, who as announced his authority and purpose, may break open an outer or inner door or window of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, where the person to be arrested is or is reasonably believed to be, if he is refused or otherwise obstructed from admittance. The peace officer need not announce his authority and purpose when to do so would imperil the arrest.

Benoit has not identified any facts to show a violation of either statutory or constitutional "knock and announce" requirements. On March 23, after being questioned at the New Iberia police department, Benoit accompanied police to his residence and then entered and waited in his residence while it was being searched. On March 25, Benoit states that the police announced their presence to him prior to entering. Benoit clearly knew their purpose as he had been questioned by the officers two days before. Benoit's allegation that the officers "forced" their way into him home is conclusory and unsupported. Consequently, this claim is without merit.

### 2. *Presentation of Warrants*

Benoit also alleges that at no time during his arrests or during the searches of his residence was an arrest or search warrant presented to him. Rule 41(f) of the Federal Rules of Criminal Procedure requires the executing officer to either give a copy of the warrant to the

person from whom the property was taken or to leave a copy of the warrant and receipt at the place where the property was taken. Each of the search warrants indicate that a copy of the warrant and receipt for the items was either left at the residence or given to Benoit.[14] Furthermore, when ruling on a technical violation of this rule, the Fifth Circuit Court of Appeals has stated that this rule is "essentially ministerial in nature and a motion to suppress should be granted only when the defendant demonstrates legal prejudice or non-compliance with the rule was intentional or in bad faith." U.S. v. Charles, 883 F.2d 355 (5th cir. 1989), citing U.S. v. Marx, 635 F.2d 436, 442 (5th Cir. 1981); U.S. v. Bonner, 808 F.2d 864, 869 (1st Cir.), Cert. denied, 481 U.S. 1006, 107 S.Ct. 1632, 95 L.Ed.2d 205 (1987).[15] Benoit has shown no prejudice. Accordingly, this claim lacks merit.

Benoit's also alleges that the indictment against him should be dismissed because he was never presented with an arrest warrant. In support of his motion, Benoit attaches an arrest warrant dated March 23, 2004 that has not been signed by a judge. However, even a warrantless arrest is valid when the officer has probable cause to believe that the person to be arrested has committed an offense. State v. Austin, 900 So.2d 867 (La.App 5 Cir. 2005). See also State v. Gunnels, 619 So. 2d 192 (La.App. 3rd Cir. 1993) (Where defendant argued arrest warrant invalid because it was not issued by a "neutral and detached" magistrate, arrest was valid under LSA-C.Cr.P. art. 213(3), providing in part: A peace officer may, without a warrant, arrest a person when: . . . (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer; or . . ., and noting that the

---

[14] Rec. Doc. 61, Response by U.S.A. to Defendant's Motion to Suppress.

[15] The Fifth Circuit addressed Rule 41(d); the service requirement for a search warrant is now contained in paragraph (f) of this rule; however the substance of this provision remains the same.

defendants have never contended that the initial arrest was illegal based upon a lack of probable cause). Benoit has not alleged or made any showing that his arrest was made without probable cause. Consequently, this claim is without merit.

Benoit's claim that the evidence against him should be suppressed because he was not presented with an arrest warrant is also meritless. Where a prisoner plaintiff in a civil rights action claimed that his rights were violated when officer failed to show warrants to him, the court held that "[a]n arrestee need not be presented with a copy of the arrest warrant." Bradley v. Extradition Corp. of America, 758 F.Supp.1153, 1156 (W.D.La. 1991), relying on United States v. Buckner, 717 F.2d 297, 299, 301 (6th Cir. 1983); United States v. Turcotte, 558 F.2d 893, 896 (8th Cir. 1977); Gill v. United States, 421 F.2d 1353, 1355 (5th Cir.1970). The court also noted that "officers were empowered to arrest plaintiff even if no warrant existed, as long as they had probable cause to believe that he had committed the crimes for which they arrested him." Id., 758 F. Supp. at 1156.

## II. The May 14, 2004 "Search"

Benoit also raises many of the same issues discussed above in connection with a search that he states took place on May 14, 2004. Benoit argues that on May 14, 2004, the New Iberia city police detectives "literally 'stole' evidence of their 'ransack' in the form of 3 ½" floppy disks that were plainly marked 'illegal searches' along with a new camera that the defendant had just bought to take the pictures of this "ransack" evidence." Benoit also seeks suppression of evidence on the basis that he has "never seen a search warrant."

In response the government stated that it has found no evidence that a search of Benoit's home occurred on this date.[16] The government states, "none of the evidence that the United States intends to use in the above entitled trial was seized on May 14, 2004." The government also states that, since this alleged search occurred after the judicially sanctioned searches, the results of the May 14, 2004 search could not have affected the integrity of the evidence it intends to use at trial.

As the government has stated that it does not intend to use any evidence obtained in connection with this search, if it indeed occurred, Benoit's motion to dismiss in connection with the May 14, 2004 search is moot.

### III. No Evidentiary Hearing Required

Evidentiary hearings on motions to suppress "are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." United States v. Harrelson, 705 F.2d 733, 737 (5th Cir.1983). A defendant must set forth factual allegations, which are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Council, 1998 WL 132766, 3 (E.D.La. 1998), citing Harrelson, *supra*. After reviewing the briefs filed in connection with Benoit's previous motions to suppress, the undersigned concluded that an evidentiary hearing was not warranted as Benoit's complaints were conclusory and unsupported by any allegations of fact which would tend to support his legal arguments.

---

[16]Rec. Doc. 82.

In the instant motion, Benoit has again failed to support his legal arguments with specific material facts which would justify an evidentiary hearing and offers only conclusory complaints. Considering the lack of factual information supporting the instant motion, the undersigned again concludes that an evidentiary hearing is not warranted.

IV. **Sufficiency of the Evidence**

To the extent that Benoit is re-arguing that there is insufficient evidence to prove the charge in question – including whether the material alleged to have been produced in this case is of a sexual nature as defined in Section 2251(a) – is for the jury to decide, and a dismissal of the charge at this stage of the litigation would be improper. This argument was considered and rejected by the court on October 24, 2005.[17]

Furthermore, to the extent that Benoit is re-arguing that Section §2251(a) is unconstitutional in that is prohibits conduct based upon the movement of materials used to produce pornography in interstate commerce, this argument has already been rejected by the court.[18]

*Conclusion*

Considering the briefs filed by the parties and the applicable law, the undersigned concludes that Benoit has failed to show a Fourth Amendment violation so that the evidence

---

[17] See Report and Recommendation on Motion to Dismiss, Rec. Doc. 67, filed on October 24, 2005, and Ruling Denying Motion to Dismiss, Rec. Doc. 78, filed on November 21, 2005.

[18] See Report and Recommendation on Motion to Dismiss, Rec. Doc. 22, filed on February 14, 2005, and Ruling Denying Motion to Dismiss, Rec. Doc. 27, filed on March 9, 2005. In the Report and Recommendation, the court explained that Benoit's argument concerning the unconstitutionality of Section 2251(a) has been expressly rejected by the Fifth Circuit in United States v. Kallestad, 236 F.3d 225 (5th Cir. 2000).

11

against him should be suppressed. Considering the foregoing, **IT IS RECOMMENDED** that the motion to dismiss be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on _____, January, 2006.

COPY SENT:
DATE: 1-9-06
BY: CS
TO: MEM
    RFD/ms

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155